IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01336-WYD-MJW

KAREN TATMAN,

Plaintiff(s),

v.

A.P.I. ALARM MONITORING, INC., an Arizona corporation licensed to do business in Colorado,

Defendant(s).

---

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Fraudulent Misrepresentation Claim for Lack of Specificity ("motion") filed September 1, 2006 (docket #11).

According to the Complaint, on or about April 14, 2005, the parties executed a letter of intent, describing the terms under which Plaintiff agreed to sell her alarm monitoring business, Dispatch Services of Colorado, to Defendant. As part of the deal, Plaintiff accepted a five-year employment agreement with salaried and commissioned compensation. Complaint at ¶ 6. After two months of working for Defendant, Plaintiff concluded her working conditions were unacceptable and tendered her resignation. Complaint at ¶ 10. Plaintiff alleges that Defendant failed to pay her compensation owed to her at the time of her resignation, and brings claims for breach of contract and violations of the Colorado Wage Claim Act.

On August 7, 2006, Defendant filed an Amended Answer and Counterclaim, asserting counterclaims for fraudulent and negligent misrepresentation in connection with the sale of Plaintiff's business. In the pending motion, Plaintiff seeks to dismiss Defendant's counterclaim for fraudulent misrepresentation for lack of specificity required under Fed. R. Civ. P. 9(b).

Defendant's counterclaim for fraudulent misrepresentation "arises from [Plaintiff's] misrepresentations to [Defendant] during negotiations for the purchase of her alarm monitoring business . . . .." Def. Counterclaim at ¶ 1. According to Defendant, during these negotiations, Plaintiff misrepresented "that Dispatch Services of Colorado had current, signed monitoring contracts with the dealers for whom it provided services and that Dispatch Services had sufficient technical capabilities and staff to meet the requirements for an Underwriters Laboratories Inc. Alarm monitoring station." Def. Counterclaim at ¶ 8. Defendant also maintains that Plaintiff "misrepresented the quality and adequacy of her equipment." *Id*. According to Plaintiff, these allegations do not meet the requirements of Rule 9(b) because Defendant has failed to pled the time, place, and contends of the alleged fraudulent misrepresentations or omissions.

Rule 9(b) states that: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." However, "Rule 9(b) does not require that a complaint set forth detailed evidentiary matter as to why particular defendants are responsible for particular statements, or that

the allegations be factually or legally valid." *Schwartz v. Celestial Seasonings, Inc*, 124 F.3d 1246, 1253 (10th Cir. 1997). "Instead, Rule 9(b) requires that the pleadings give notice to the defendants of the fraudulent statements for which they are responsible." *Schwartz*, 124 F.3d at 1253. In other words, the complaint must give the defendants notice of what they are charged with, and "[n]o more is required by Rule 9(b)". *Id.* at 1253. This Court has explained the purpose of Rule 9(b) as follows:

> The point of the rule is to provide enough notice to each defendant of the misrepresentations the defendant made so that he can answer and otherwise defend himself. . . . The rule does not require extensive factual pleading. As an exception to rule eight's requirement that pleadings should be simple, concise and direct, rule 9 is read restrictively, not expansively. . . . It does not require plaintiffs to plead extensive facts. It only requires that plaintiff prove the circumstances of the fraud.

*Gardner v. Investors Diversified Capital, Inc.*, 805 F. Supp. 874, 876 (D. Colo. 1992).

Here, I find that, with the exception of Defendant's allegation that Plaintiff misrepresented the quality and adequacy of her equipment, Defendant has sufficiently pled the circumstances of the fraud. Defendant has specifically alleged the nature and content of the remaining misrepresentations, and has alleged that these misrepresentations took place during the Spring of 2005 - the time during which the parties were negotiating the purchase of the Plaintiff's alarm monitoring business. As to Defendant's allegations that Plaintiff misrepresented the status of her monitoring contracts and her ability to meet the requirements for an Underwriters Laboratories Inc. Alarm monitoring station, I find that the pleadings provide enough notice for Plaintiff to

answer or otherwise defend against the allegations. As to Defendant's allegations that Plaintiff misrepresented the "quality and adequacy of her equipment," I find that this statement is not specific enough to meet the requirements of Rule 9(b), because Defendant does not describe what Plaintiff allegedly said about the quality and adequacy of her equipment that was untrue.

Therefore, in consideration of the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Dismiss Fraudulent Misrepresentation Claim for Lack of Specificity ("motion") filed September 1, 2006 (docket #11) is **DENIED IN PART AND GRANTED IN PART** as described in this Order. It is

FURTHER ORDERED that Defendant's shall have twenty (20) days from the date of this Order to amend their counterclaim and add additional facts supporting its allegations that Plaintiff misrepresented the "quality and adequacy of her equipment."

Dated: January 2, 2007

BY THE COURT:
s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge