IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01336-WYD-MJW

KAREN TATMAN,

Plaintiff,

v.

A.P.I. ALARM MONITORING, INC., et al.,

Defendants.

## ORDER REGARDING
## DEFENDANT A.P.I. MONITORING, INC.'S MOTION TO COMPEL (DOCKET NO. 26)

**MICHAEL J. WATANABE**
**U.S. Magistrate Judge**

This matter is before the court on Defendant A.P.I. Alarm Monitoring, Inc.'s Motion to Compel (docket no. 26). The court has reviewed the motion, response (docket no. 29), and reply (docket no. 32). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the

2

> trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

In the subject motion, Defendant seeks an order from this court compelling Plaintiff to respond fully to interrogatories ("Rogs") numbered 2, 3, 4, 5, 6, 13,16, and 18 and request for production of documents ("RFPs") numbered 1 and 3 through 25, inclusive, that have been served upon Plaintiff. See page 4 of reply (docket no. 32). This court will address each Rog and RFP.

As to Rog no. 2, Plaintiff's objection to such Rog that it has already been provided to Defendant in Plaintiff's Rule 26(a)(1) disclosure is SUSTAINED.

As to Rog no. 3, Plaintiff's objection to such Rog that it has already been provided to Defendant in Plaintiff's Rule 26(a)(1) disclosure is SUSTAINED.

As to Rog no. 4, Plaintiff's objection that such Rog is irrelevant is SUSTAINED.

As to Rog no. 5, Plaintiff's objection to such Rog as outlined in Plaintiff's

3

response to such Rog is OVERRULED.

As to Rog no. 6, Plaintiff's objection to such Rog as outlined in Plaintiff's response to such Rog is OVERRULED.

As to Rog No. 13, Plaintiff's objection to such Rog as outlined in Plaintiff's response to such Rog is SUSTAINED. Defendant should have its own records covering this Rog.

As to Rog. no. 16, Plaintiff's objection that such interrogatory is a privileged communication is SUSTAINED IN PART AND OVERRULED IN PART. The objection is SUSTAINED as to any communication between Plaintiff and her attorney ONLY. The remainder of the objection is OVERRULED.

As to Rog no. 18, Plaintiff's objection to such Rog is SUSTAINED. Plaintiff has answered this Rog fully.

As to RFP nos. 1, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 17, 23, 24, and 25, Plaintiff's objection to such RFPs as having already been produced per Plaintiff's Rule 26(a)(1) disclosures is SUSTAINED.

As to RFP no. 8, Plaintiff's objection to such RFP as outlined in Plaintiff's response to such RFP is SUSTAINED.

As to RFP no. 12, Plaintiff's objection that such RFP is confidential and irrelevant is OVERRULED.

As to RFP no. 15, Plaintiff's objection that such RFP is confidential and irrelevant is OVERRULED. However, Plaintiff has fully responded to this RFP in her supplemental answer and therefore no further response is required. Defendant may

4

proceed by subpoena to produce against non-party Security Specialist and/or Dispatch Services of Colorado for such records.

As to RFP no. 16, Plaintiff's objection that such RFP is confidential and irrelevant is OVERRULED. However, Plaintiff has fully responded to this RFP in her supplemental answer and therefore no further response is required. Defendant may proceed by subpoena to produce against non-party Security Specialist and/or Dispatch Services of Colorado for such records.

As to RFP no. 18, Plaintiff's objection that such RFP is vague and irrelevant is SUSTAINED on the ground that such RFP is vague. Plaintiff is not required to respond any further to this RFP.

As to RFP no. 19, Plaintiff's objection that such RFP is irrelevant is OVERRULED. However, Plaintiff has fully responded to this RFP in her supplemental answer and therefore no further response is required. Defendant may proceed by subpoena to produce against non-party Security Specialist and/or Dispatch Services of Colorado for such records.

As to RFP no. 20, Plaintiff's objection that such RFP is irrelevant is OVERRULED. However, Plaintiff has fully responded to this RFP in her supplemental answer and therefore no further response is required. Defendant may proceed by subpoena to produce against non-party Security Specialist and/or Dispatch Services of Colorado for such records.

As to RFP no. 21, Plaintiff's objection that such RFP is confidential and irrelevant is OVERRULED. However, Plaintiff has fully responded to this RFP in her

5

supplemental answer and therefore no further response is required.  Defendant may proceed by subpoena to produce against non-party Security Specialist and/or Dispatch Services of Colorado for such records.

As to RFP no. 22, Plaintiff's objection that such RFP is irrelevant and beyond the scope of litigation is OVERRULED.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant A.P.I. Alarm Monitoring, Inc.'s Motion to Compel (docket no. 26) is **GRANTED IN PART AND DENIED IN PART**.

2. That the Motion is **GRANTED** as to Rogs numbered 5, 6, and 16 and RFPs numbered 12 and 22 only.

3. That the remainder of the Motion is **DENIED**.

4. That Plaintiff shall provide full responses to Rogs numbered 5, 6, and 16 and RFPs numbered 12 and 22 to the Defendant on or before February 7, 2007.

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 23rd day of January 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge